## STATE ex KELSO et v MATTHEWS

Ohio Appeals, 2nd Dist, Clark Co

No 352.   Decided May 14, 1935

William A. Bilikam, Jr., Springfield, for relator.

R. Stanley Lucas, Springfield, and Urban Juergens, Springfield, for respondent.

## OPINION

By BARNES, PJ.

The law is well grounded and needs no citation of authority that a writ of prohibition will lie against inferior courts or tribunals acting without jurisdiction.

The petition must be considered with this principle of law in mind.

The brief of relator's counsel apparently buttresses his claim of want of jurisdiction in that the determination of the cause before the justice involved title to real estate. We will not determine this branch of the case at this time for the reason that the petition very clearly discloses lack of jurisdiction of the justice on another ground, and that is the failure to enter finding and judgment on his docket within four days following the hearing.

Sec 10378 GC reads as follows:

"Sec 10378 GC. WHEN JUDGMENT MUST BE RENDERED. Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached. In other cases, it shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

The subject of loss of jurisdiction is very fully discussed in 24 Ohio Jurisprudence, pages 389 and 390, §§186 and 187.

"Sec 186. O. Jur., IN GENERAL. Jurisdiction to decide a case usually extends to the final determination thereof. There are, however, certain acts by which a justice may lose jurisdiction over a case. For example, he may lose jurisdiction by failure to enter judgment on a verdict within the statutory time * * *."

Sec 187 O. Jur., Second paragraph:

"Unless the justice exercises his power within the time prescribed by statute, his jurisdiction is lost. In other words, the case is no longer pending before him. Nor can the parties, by consent confer jurisdiction upon a justice to render judgment after the time fixed by statute for the rendition thereof."

The notes under the text refer to numerous Ohio decisions.

There has been some controversy before the courts as to whether or not §10378, GC, applies to actions of forcible entry and detention. The argument that it does not apply is based on the claim that the statutory proceeding under forcible entry and detention is complete within itself and is not controlled by §10378 GC. The section providing for entry and judgment under

forcible entry and detainer is §10456, GC, which reads as follows:

"Sec 10456 GC. WHEN JUSTICE TO TRY CASES. If the suit is not continued, nor the place of trial changed, and neither party demands a jury on the return day of the summons, the justice will try the cause. After hearing the evidence, if he concludes that the complaint is not true, he shall enter judgment against the plaintiff for costs. If he finds the complaint true, he shall render a general judgment against the defendant in favor of the plaintiff for restitution of the premises and costs of suit. When he finds the complaint true in part, he shall render a judgment for restitution of such part only, and the costs shall be taxed as he deems just."

Sec 10458 GC prescribed the provision for entering judgment where the forcible entry and detainer cause is tried to a jury.

The Court of Appeals of the Fourth District had before it and determined this identical question in the case of **Robinson v Riley et, 25 Oh Ap, 465, (6 Abs 132).** Syllabi 1 and 2 read as follows:

"1. Article. 1 of the Act of March 14, 1853 (51 O.L., 179), §§10447 to 10461, GC, relating to forcible entry and detainer, is not self-sufficient, providing the entire machinery for trying cases of such character, but provisions of other chapters of matters not covered by such chapter apply to forcible entry cases."

"2. Sec 10378, GC, is to be read in connection with §10458 GC, so that judgments of justices of the peace in actions in forcible detention are required to be entered by the fourth day after trial."

Judge Mauck, in rendering the opinion reviews the history of the codification of the Justices' Act in 1851, as found in Volume 51, Ohio Laws, 179.

In **Volume 19, Ohio Jurisprudence,** under subject of **Forcible Entry and Detainer,** page 193, §25, the text writer elaborates on the subject of entry of judgments of Justices of the Peace as it applies generally and closes the paragraph with the following:

"This provision is applicable to actions in forcible entry and detainer and should be read in conjunction with provisions of the Code applicable to forcible entry and detainer."

Under note 6 of the case of Robinson v Riley, supra, is cited as the authority supporting the text.

In an unnumbered foot note we find appended the following:

"It is interesting to note that in an early case the contrary was held under the then existing statute."
citing **Lentzey v Herchelrode, 20 Oh St 334.**

A casual reading might lead to the conclusion that there is conflict between the decision of the Supreme Court and that of the Court of Appeals.

In the Lentzey case in the Supreme Court, the statements disclose that the action before the justice was one of forcible entry and detainer and was tried to a jury. The justice did not enter the judgment immediately following the verdict, and it was claimed that under §107, same as present §10378 GC, jurisdiction was lost to enter at a later date. The Supreme Court held that §135, the same as present §10458 GC, was controlling. This section reads as follows:

"Sec 135. The justice shall enter the verdict upon his docket and shall render such judgment in the action as if the facts authorizing the finding of such verdict had been found to be true by himself."

Where any cause is tried to a justice he need not render judgment immediately, but under the statute is given four days, hence §135 would qualify the provisions of §107, wherein it is provided that upon verdict the justice must immediately render judgment.

The Supreme Court, at the bottom of page 335, made the following observation:

"Where the facts are found by the justice himself, there is no law requiring him to render his judgment immediately."

Determining as we do, that the petition presents a state of facts wherein the justice has lost jurisdiction to enter any judgment, it therefore follows that the demurrer of defendant must be overruled. Exceptions will be allowed.

Defendant may file answer, if he desires to controvert the allegations of the petition.

HORNBECK, J, concurs.