## STRAYER v HAMPSHIRE et

Ohio Appeals, 3rd Dist, Henry Co.

No. 297. Decided Dec. 9, 1939.

H. R. Dittmer, Wapakoneta, for plaintiff.

Harrington & Avery, Bowling Green; Ferd G. Behrens, Napoleon, for defendants.

**OPINION**

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Henry County. The action was brought by the plaintiff, Allen Strayer, against defendants Otto P. Hampshire and Dallas Young, Justice of the Peace of Napoleon township, Henry County, Ohio, to enjoin the enforcement of a writ of restitution issued by said justice of the peace in an action in forcible entry and detainer pending before him, wherein Allen Strayer the plaintiff herein was plaintiff and Otto P. Hampshire the defendant herein was defendant.

The case was submitted to the common pleas court upon an agreed statement of the following facts: That Dallas Young is the duly elected, qualified and acting justice of the peace in and for Napoleon township, Henry County, Ohio; on the 28th day of March, 1938, the defendant Otto P. Hampshire filed his complaint with said justice of the peace against the plaintiff Allen Strayer alleging that he was the owner and entitled to possession of certain lands in the complaint described, and that said Allen Strayer was unlawfully detaining said premises from him; that on the 7th day of April, 1938, the case was tried before said justice of the peace and to a jury; that at the close of all of the testimony and evidence a motion was made by Otto P. Hampshire, that the court direct the jury to return a verdict in favor of said Otto P. Hampshire; the court overruled said motion and submitted the case to the jury, to which Mr. Hampshire excepted; that said jury returned a verdict in favor of said Allen Strayer on April 7, 1938, which verdict was entered on the docket of said justice on that day, and no judgment was ever rendered on said verdict, nor was any other judgment rendered in said case until the 12th day of April, 1938, as hereinafter stated; that thereafter, on the 9th day of April, 1938, Mr. Hampshire filed two motions, one for judgment notwithstanding the verdict, and one for a new trial.

That the motion for judgment notwithstanding the verdict was argued by counsel for the parties and submitted to said justice of the peace on the 12th day of April, 1938, and that the defendant Allen Strayer, in said case, objected to the court granting the motion for judgment notwithstanding the verdict, because and on the ground of lack of jurisdiction of the court to enter said judgment, and also that the court lost jurisdiction of said cause because no judgment had been entered in said cause by said court within the time provided by law; that on said day the said justice found said motion well taken in that the verdict of the jury was contrary to law and did grant said motion, setting aside the verdict of the jury and rendered judgment in favor of Mr. Hampshire notwithstanding the verdict of the jury.

On the hearing of said motions before said justice of the peace, there was no claim made by the said Otto P.

Hampshire that said verdict was obtained by fraud, partiality or undue means. The motion for new trial was not heard and is still on file before said justice of the peace.

It is agreed by the parties that the above facts be considered the facts in the case and be submitted to the court as the facts.

In the answer and cross-petition in the case it is admitted that the defendant Otto P. Hampshire is threatening to enforce a writ of restitution issued by Dallas Young as justice of the peace of Napoleon township, Henry County, Ohio, on the judgment entered in said action, as set forth in said statement of facts.

On submission of said cause to the Common Pleas Court, said court found in favor of the defendants on the issues joined and adjudged and decreed that the petition of the plaintiff be dismissed, and that the temporary injunction issued in the case be dissolved, and the defendants recover their costs, and adjudged costs against the plaintiff. It is from this judgment this appeal is taken.

It appears from the statement of facts that although the forcible entry and detention case referred to therein was tried to a jury on April 7, 1938, before said justice, and a verdict returned by the jury for the defendant therein, which was entered on the docket of said justice, that the judgment non obstante veredicto upon which the writ of restitution was issued, was not entered by said justice until the 12th day of April, 1938, a period of more than four days after the return of said verdict.

The limit of time within which a justice of the peace is required to enter judgment in cases of this character, is governed by the provisions of §§10378 and 10458, GC, reading as follows:

"Sec. 10378. When judgment must be rendered. Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached. In other cases, it shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

"Sec. 10458. Entry and judgment. The justice shall enter the verdict upon his docket, and render such judgment in the action as if the facts, authorizing the finding of such verdict, had been found by himself to be true."

It has been settled by numerous decisions that the language of §10378, GC, requiring the justice to enter judgment on or by the fourth day after the close of the trial, both days inclusive, is clear, specific and peremptory and that the power of adjudication of the justice is derived from these provisions and if not exercised in the time allowed by law, is lost and the cause is no longer pending before him, and consequently a judgment entered by a justice after the expiration of the four day period mentioned, is wholly void and injunction will lie to restrain its enforcement. **Dunlop v Robison, Admr. 12 Oh St 530-534; Eaton v French, 23 Oh St 560.**

If then, the judgment in the instant case entered following the fourth day after the close of the trial comes within the purview of the provision of §10378, GC, it is wholly void and its enforcement may be enjoined herein.

In the case of **Luetzey v Herchelrode et, 20 Oh St 334**, the Supreme Court, in a per curiam in which the provisions of §107, 1 S. & C. 788, identical with the provisions of §10378, GC, supra, and §135 of the same statute, identical with §10458, GC, supra, in connection with the claimed invalidity of a judgment of the justice of the peace which was not rendered until the third day after the return of the verdict by the jury, held that the provision of the statute (§107, now §10378, GC) requiring the justice "immediately" to render judgment upon the return of the

verdict, does not apply to a case in forcible entry and detainer, and that the provision applicable to such a case is the one hundred and thirty-fifth section of the same statute, which authorized the justice to "render such judgment as if the facts had been found to be true by himself, and that where the facts are found by the justice himself there is no law requiring him to render his judgment immediately."

It will be noted that the decision in this case applies only to forcibly entry and detention cases wherein the judgment is rendered prior to the expiration of the fourth day after the close of the trial and has no application to judgments rendered following the fourth day after the close of the trial, which is the type of judgment involved in the instant case.

In the case of **Robinson v Riley, 25 Oh Ap 465**, it is held that §10378, GC, is to be read in connection with §10458, GC, so that judgments of justices of the peace in actions in forcible entry and detention are required to be entered by the fourth day after the close of the trial.

The decision in this case is quoted with approval in the case of **State ex Kelso, et v Matthews, 19 Abs 425**, in the opinion in which the case of **Luetzey v Merchelrode, 20 Oh St 334**, is distinguished.

We can see no conflict between the general provisions of §10378, GC, applicable to all cases in justice court, and the specific provisions of §10458, GC, applicable to forcible entry and detention cases. There being no conflict, under the rules of statutory construction the general provisions of §10378, GC, as well as the specific provisions of §10458, GC, apply to forcible entry and detention cases. We therefore approve and follow the holdings in the case of **Robinson v Riley et, 25 Oh Ap 465**, and **State ex Kelso v Matthews, 19 Abs 425**.

It is contended by the defendant, however, that the provisions of §10378, GC, are not applicable to the judg-ment in the forcible entry and detention case involved in this action, because the motions for new trial and for judgment non obstante veredicto filed in the case on April 9, 1938, and within less than four days from the trial and return of the verdict, had the effect of extending the jurisdiction of the justice in the case, to the rendition of the judgment subsequent to the fourth day after the trial.

**Secs. 10223 to 10491**, inclusive, Part Third, Title Two, GC, govern procedure in justices court. There are two sections relating to the granting of new trial. One is §10352, GC, which is one of the original sections of the justice code. This section provides that the justice before whom a cause has been tried, on motion, and being satisfied that the verdict was obtained by fraud, partiality or undue means, at any time within four days after entering the judgment may grant a new trial. It contemplates that a motion for a new trial based on one of the grounds mentioned shall be filed within four days after the judgment is entered.

The other section relating to the subject is §10361, GC, which was not a part of the original justice code, and is apparently copied after the provisions of §11564, GC, of the Code of Civil Procedure, and relates to exceptions in justice court, and contemplates the filing of motion for new trial in justice court on grounds not contemplated by §10350, GC, to-wit: Because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or on account of the erroneous admission or rejection of evidence.

There is no provision of this section or other sections of the justice code fixing the time within which said motion must be filed.

There is, however, a section of the justice code, §10490, GC, which provides: "The provision of title four, part third of the statutes, in their nature applicable to proceedings before justices, and in respect of which no special provision is made in the title shall apply thereto."

Part Third of Title Four relates to procedure in Common Pleas Court and includes §§11215 to 12222, GC, both inclusive.

Sec. 11578, GC, provides that the application for a new trial must be made within three days after the verdict or decision is rendered, unless the moitoner is unavoidably prevented from filing it within such time.

Under the provisions of §11599, GC, relating to procedure in Common Pleas Court, when a motion for new trial is filed, judgment upon a verdict shall be entered only when the court has sustained such verdict by overruling the motion.

The time limit on filing of motions for new trial upon the grounds mentioned in §10361, GC, and not mentioned in §10350, GC, is, under the provisions of §10490, GC, above referred to, as provided in §11578, GC, by reason of the fact that no special provision as to the subject matter of the time of filing such motion on such grounds is made in the justice code.

On the other hand, §§10378 and 10558, GC, as hereinbefore mentioned contain definite mandatory provisions as to the time judgment shall be entered on verdicts in trials before justices of the peace, and such subject matter being covered by the section of the justice code mentioned, §10490, GC, does not serve to make the provisions of §11599, GC, applicable to the entry of judgments of justices courts, and the time of entry thereof is not stayed or extended by the filing of a motion for a new trial. Nor is there any inconsistency in the entry of a judgment by the justice within the time limited by §10378, GC, and his setting the same aside after entry, upon motion for new trial filed within the time limited by law.

The filing of the motions for a new trial and for judgment non obstante veredicto in the instant case therefore did not operate to extend the jurisdiction of the justice to the rendition of the judgment rendered by him subsequent to the fourth day after the close of the trial, and said judgment is wholly void and the plaintiff, upon the agreed statement of facts herein, is entitled to have the enforcement thereof enjoined, and the judgment of the Common Pleas Court denying plaintiff such relief in the premises and dismissing his petition is erroneous in that it is contrary to law.

For the reasons mentioned, the judgment of the Common Pleas Court will be reversed at costs of appellees, and this court rendering the judgment the Common Pleas Court should have rendered will enter final judgment herein in favor of plaintiff and against the defendants at their costs.

CROW, PJ. and KLINGER, J., concur.