## MONAHAN v BEAMS

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5845. Decided Nov. 12, 1940

John C. McCarthy, Cincinnati, for appellant.

A. A. Rendigs, Jr., Cincinnati; Wm. H. Fry, Cincinnati, and Robert F. Dreidame, for appellee.

## OPINION

By HAMILTON, PJ.

Heard on appeal on questions of law.

This law suit originated in the court of J. A. Meyer, Justice of the Peace in and for Columbia Township, Hamilton County, Ohio, and was an action for damages for injury to the plaintiff's automobile.

The record discloses that the case was called for trial on June 3rd, 1937, and was submitted to the justice without the intervention of a jury. The record states: "After argument by counsel the matter was submitted to the Court and upon request of counsel for defendant permission was given to de-

fendant to submit a brief of authorities."

On June 7, 1937, the court entered judgment in favor of the plaintiff in the sum of $128.10 and costs. Thus it will be seen that the judgment was entered more than four days after the trial on June 3rd "both days inclusive", if the trial was completed on June 3rd.

Defendant appealed to the Court of Common Pleas. claiming the trial court had no jurisdiction to enter the judgment on June 7th, and that, therefore, the judgment was a nullity. The court of Common Pleas, on appeal, found in favor of appellant, and remanded the case to the Justice's court, with instructions to dismiss the action, without prejudice, sustaining the claim that the Justice lost jurisdiction of the matter, and had no power to enter the judgment on June 7th.

Plaintiff thereupon appealed to this court, claiming error in the judgment of the Court of Common Pleas of Hamilton County, setting aside the judgment of the Justice of the Peace, entered on June 7th.

It is argued that the Justice of the Peace granted permission to the defendant to file a brief of authorities, which briefs were filed on June 5th, and answer briefs filed on June 7th thereafter, therefore, the trial was not completed until after the filing of the briefs, since the court granted leave to file briefs.

The matter is controlled by §10378 GC, which provides:

"Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, judgment must be entered immediately after the close of the trial, if the defendant has been arrested or his property attached. In other cases, it shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

The statute is plain in its language, and provides that in criminal cases or in attachment cases, judgment shall be entered immediately after the close of the trial, and in other cases, judgment shall be entered either at the close of the trial, or if the justice desires further time to consider, then, on or by the fourth day thereafter, **both days inclusive.**

The argument that the trial was not closed as time was given to file briefs is advanced, and on this point, the record, as above set out, recites:

"After argument by counsel the matter was submitted to the Court and upon request of counsel for defendant permission was given to defendant to submit a brief of authorities."

This forecloses all questions as to whether or not the trial had closed and the matter submitted to the court for decision. The giving leave to file briefs simply bears out the proposition that the court desired further time to consider. That, as the statute provides, this time to consider is within the time limit of the four days, "both days inclusive". When the case was submitted for decision, certainly, it marked the close of the trial.

In the case of **American Ry. Ex. Co. v Armburgy, 15 Oh Ap 376,** the court held the Justice of the Peace lost jurisdiction by continuing the case after argument more than four days after the trial, and that the judgment rendered after such lapse of time was a nullity.

The most that can be said for the giving of time to file briefs is, that it was but an expression by the Justice of the Peace that he desired further time to consider the case and would take into consideration briefs. But this does not in any sense toll the running of the time provided in the statute.

The case of **Strayer v Hampshire, 31 Abs 22,** is in point, and holds, in the 3rd paragraph of the syllabus:

"3. The filing of a motion for a new trial and for judgment non obstante veredicto in a justice of the peace court within less than four days from the trial and return of the verdict do

not operate to extend the jurisdiction of a justice of the peace to enter a judgment rendered on the verdict subsequent to the fourth day after the close of the trial."

If the filing of a motion for judgment non obstante veredicto does not extend the time, certainly, the mere filing of briefs in argument would not have that effect.

It follows that this point is not well taken.

It is further contended that since the fourth day fell on Sunday, that it should not be counted, and that the fourth day should be the following day, Monday, which was the 7th of June, 1937, and cites §10216 GC, which provides:

"Unless otherwise specificially provided. the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday."

It will be noted that this section provides "unless otherwise specifically provided, * * * except that the last shall be excluded if it be Sunday."

This section cannot apply, for the reason that the method of computing time in which to enter judgment is specifically provided, and does not exclude Sunday.

The judgment of the Court of Common Pleas of Hamilton County, setting aside the judgment of the Justice of the Peace Court, is affirmed.

MATTHEWS & ROSS, JJ., concur.