CARPER ET AL., APPELLANTS, *v.* VILLAGE OF HELENA, APPELLEE.

(No. 459—Decided April 25, 1949.)

*Messrs. Hull & Hawk,* for appellants.
*Messrs. Ludwig & Busick,* for appellee.

CARPENTER, J. This is an action to enjoin the enforcement of a judgment of a justice of the peace on the ground it was void. From a judgment for the defendant, this appeal on questions of law was taken. The vital assignment of error is that the judgment is contrary to law.

In the justice court the defendant herein, Village of Helena, obtained a judgment against the plaintiffs, who now contend that the justice lost jurisdiction of the cause for the reason that his judgment was not entered "on or by the fourth day" after the close of the trial, as required by Section 10378, General Code.

From the justice's transcript it appears that the trial was had and the "case taken under advisement" December 20, 1947. On December 26, brief of defendant was filed; December 31, brief of plaintiff filed, and January 2, 1948, "decision made in favor of plaintiff."

At the hearing in this cause, the justice testified that at the close of the trial counsel for defendant asked permission to file a brief.

Section 10378, General Code, requires that such judgment "shall be entered either at the close of the trial, or if the justice then desires further time to consider, on or by the fourth day thereafter, both days inclusive."

In the recent decision of *Monahan* v. *Beams,* 66 Ohio App., 263, 33 N. E. (2d), 47, in a case on all fours with this, it was decided that the justice of the peace lost jurisdiction after four days passed before entering judgment. There the justice's record disclosed that counsel for defendant requested permission to submit a brief.

In *Tussing* v. *Evans,* 7 C. C. (N. S.), 237, 17 C. D., 685, affirmed without opinion, *Evans* v. *Tussing,* 76 Ohio St., 618, 81 N. E., 1188, the court said that jurisdiction can not be conferred by consent of the parties upon a justice of the peace to reserve a decision to a later date than that authorized by statute.

That such is the force of Section 10378, General Code, has been the unbroken line of decisions by the courts since *Dunlap* v. *Robinson, Admr.,* 12 Ohio St., 530.

This being the rule, on the undisputed facts in this case the judgment of the justice of the peace was void. The trial court erred in dismissing the plaintiff's petition, and that judgment will be reversed and, on the undisputed facts, final judgment will be entered for plaintiffs.

*Judgment reversed and final judgment for plaintiffs.*

CONN and FESS, JJ., concur.